IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-849-GPM |
| | ) |
| RANDY DAVIS and KAREN MILLER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Mr. Bobby Crawford, currently incarcerated at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff claims that on March 24, 2011 he requested Defendant Karen Miller, the Pinckneyville Correctional Center's Trust Fund Officer, issue two $300.00 vouchers from his trust fund account. One of the checks was sent to the wrong recipient, the other was apparently never received by the intended recipient, so, Plaintiff wrote a grievance on April 16, 2011 requesting a stop on the checks. On May 9, 2011, however, Defendant Miller withdrew $300.00 from Plaintiff's trust fund, without authorization. Plaintiff claims that Defendant Randy Davis, Pinckneyville's Warden, authorized Defendant Miller to remove the money from Plaintiff's trust fund. Plaintiff accuses both defendants of violating his Constitutional right to due process.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must assert a deprivation of liberty or property without due process of law; but if the state provides

an adequate remedy, Plaintiff has *no* civil rights claim. *Hudson v. Palmer,* 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL.COMP.STAT. 505/8 (1995).

There is no Constitutional claim here, and Plaintiff's action is therefore **DISMISSED with prejudice.** *See McGinnis,* 5 F.3d at 1037 ("In sum, we hold that because the state of Illinois provides [plaintiff] with an adequate postdeprivation remedy, [plaintiff's] due process rights were not violated when Stateville officers confiscated and destroyed him property in violation of IDOC regulations."). Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: August 16, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge